COMMONWEALTH *vs.* ALFRED E. GALE.

After a plea in abatement to an indictment for misnomer in omitting one of the defendant's Christian names, and upon issue joined on a replication that the defendant is as well known by the name stated in the indictment as by the whole name set forth in the plea, evidence of a record of the defendant's name is irrelevant, and its rejection, when offered by him, is no ground of exception. But the Commonwealth may prove that he has been called in his absence by the name given him in the indictment, and in his presence by abbreviations thereof, and by his surname and the title of his occupation.

THE defendant, being indicted by the name of Alfred E. Gale, pleaded in abatement that his name was Alfred Atwood Ezra Gale, by which name he had hitherto been known and called. The district attorney replied that long before and at the time of the preferring of the indictment he was and still is known as well by the name of Alfred E. Gale as by the name of Alfred Atwood Ezra Gale ; upon which issue was joined.

At the trial in the court of common pleas before *Mellen,* C. J., the defendant called his brother, who testified that the defendant's name was what he alleged it to be. The defendant then proposed to ask him whether he knew any record upon which his name was entered ? This question was objected to and excluded.

The district attorney was allowed, against the defendant's objection, to show that the defendant had usually been known

and called by the name of Alfred E. Gale, when he was not present; and had been frequently called in his presence " A. E. Gale,'' " Alf. Gale " or " Barber Gale."

The jury returned a verdict for the Commonwealth, and the defendant alleged exceptions.

*B. F. Ham*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BY THE COURT.   The evidence offered by the defendant was rightly rejected as irrelevant; and the evidence that the defendant was generally known by the name stated in the indictment was clearly competent.   The question whether a person is as well known by one name as another is a question of reputation, of custom and usage, and not to be determined by records, nor limited to names used in his presence.   The evidence of the abbreviated or familiar names by which he was addressed was either corroborative, or immaterial, and its admission affords no ground of exception.                     *Exceptions overruled.*